Robert P. Lesko
FISHERBROYLES LLP
100 Overlook Center, Second Floor
Princeton, NJ  08540
973-917-8686
robert.lesko@fisherbroyles.com
*Attorneys for plaintiff Ameritas Life Insurance Corp.*

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: |
| Plaintiff, | : Civil Action No. |
| | : |
| v. | : COMPLAINT |
| | : |
| WILMINGTON TRUST, N.A., | : |
| | : |
| Defendant. | : |
| | : |

Plaintiff Ameritas Life Insurance Corp (Ameritas), having its principal place of business at 5900 O Street Lincoln, NE 68510, by and through its undersigned counsel and by way of Complaint against the defendant, hereby alleges and says:

**INTRODUCTION**

1.      Ameritas seeks a declaration of its rights and obligations with respect to Universal Life Insurance Policy number xxxxxx9353 ("the Policy") issued by The Union Central Life Insurance Company ("Union Central") on July 20, 2007 to The Bernard Sarn 2007 Insurance Trust ("the Trust") and insuring the life of Bernard Sarn in the amount of $5 million.

2.      Ameritas is informed and believes that the Policy was procured or caused to be procured by strangers to Bernard Sarn without a valid insurable interest in his life and that certain misrepresentations were made in the application for the Policy and otherwise during the application process regarding, among other things, the intended

1

2783017v.1

disposition and source of funding for the Policy as well as the intended purpose of the Policy.

3.      At the time the Policy was issued, Bernard Sarn and the trustee of the Trust expected and intended that the Policy would be transferred to strangers who did not possess a valid insurable interest in Sarn's life in exchange for value to be paid or already paid at the time of issuance.

4.      Because the Policy was procured with the intention to transfer it to strangers without valid insurable interest, the Policy is a stranger-originated life insurance policy contrary to the public policy of New Jersey and therefore should be declared void *ab initio.*

## JURISDICTION, VENUE AND PARTIES

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

6.      Ameritas is a Nebraska corporation duly authorized to transact business in the State of New Jersey with its principal place of business in Nebraska and Ohio. Ameritas is the successor in interest to Union Central with respect to the Policy.

7.      Wilmington Trust, N.A. is a Delaware corporation with its principal place of business located in Wilmington, Delaware.

8.      Venue lies within this District under the provisions of 28 U.S.C § 1391(a) because a substantial part of the events and omissions giving rise to the claim occurred within this district.

2783017v.1

9.      At the time the policy was applied for and issued and at the time of his

death, Sarn lived and worked in, and was a resident and citizen, of the State of New

Jersey.

10.     At the time the Policy was applied for and issued, the owner and the

beneficiary of the Policy was domiciled in the State of New Jersey.

11.     Upon information and belief, Sarn's participation in the scheme to procure

the Policy for the benefit of stranger investors was solicited within the State of New

Jersey.

## FACTUAL ALLEGATIONS

12.     Union Central issued the Policy for delivery on or about August 8, 2007

with a Policy Date of July 20, 2007.

13.     Sarn attained the age of 76 years as of his birthday nearest to the Policy

Date.

14.     The initial and planned periodic premium for the Policy at the time it was

issued was $251,478.34.

15.     At the time the Policy was issued, the owner and beneficiary of the Policy

was identified as the Trust with an address of 21 Regency Court, Englewood, NJ 07631.

When the Policy was issued, the Trust identified Sarn's children as beneficiaries.

16.     The Trustee of the Trust was Jeantov Hercsky, also known as Jeantov

Hercske.

3

2783017v.1

17.     On information and belief, the initial premium and subsequent premiums were funded with money deposited into the Trust's bank account or otherwise provided by stranger investors and were not funded by Sarn or anyone with an insurable interest in his life.

18.     On or about October 30, 2009, just over two years after the Policy was issued and shortly after expiration of the two-year contestable period in the Policy, the Trustee executed a Policyowner's Change and Service Request whereby the Trust changed the owner and beneficiary of the Policy to EEA Life Settlements Master Fund, Ltd. (c/o ViaSource Funding Group, LLC) as the new owner and beneficiary.

19.     ViaSource Funding Group is a viatical or life settlement company and the investment advisor servicer for EEA Life Settlements, Inc. in the business of locating and selecting policies to be purchased by the fund.

20.     The timing of the change of ownership and beneficiary was calculated to ensure that Ameritas would not be alerted to the lack of insurable interest until after the expiration of two years with the expectation that Ameritas would then be precluded from contesting the validity of the Policy.

21.     The Policy was later sold to Geronta Funding Trust and the owner and beneficiary of the Policy was changed to Geronta Funding on or about September 25, 2015.

22.     The Policy was again sold and the owner and beneficiary were changed on or about January 2, 2019 to the current owner, Wilmington Trust, N.A., as Securities Intermediary for Life Equity, LLC.

2783017v.1

23.     A representative of Life Equity advised Ameritas via telephone on or about March 3, 2019 that Sarn had passed away on or about February 7, 2019.

24.     Wilmington Trust submitted a claim for payment under the Policy on or about June 25, 2019.

25.     Ameritas promptly commenced an investigation following receipt of the claim.

26.     On June 4, 2019, the New Jersey Supreme Court issued a precedential opinion in *Sun Life Ass. Co. v. Wells Fargo Bank*, N.A., 238 N.J. 157 (2019), a case of first impression in which the Court clarified New Jersey law and public policy relative to insurable interest and stranger-originated life insurance policies.  The Court held that "STOLI policies run afoul of New Jersey's insurable interest requirement and are against public policy."  That is, "[i]f a third party without an insurable interest procures or causes an insurance policy to be procured in a way that feigns compliance with the insurable interest requirement, the policy is a cover for a wager on the life of another and violates New Jersey's public policy."

27.     The Policy in this case appears to be a wager on the life of another and violative of New Jersey's public policy because, like the policy at issue in *Sun Life Ass. Co. v. Wells Fargo Bank*, it appears to have been procured or caused to be procured by one or more third parties without an insurable interest in a way that feigns compliance with the insurable interest requirements.

## COUNT I
## (DECLARATORY JUDGMENT)

28.     Ameritas repeats and reasserts each of the allegations contained in each of the foregoing paragraphs and incorporated them here as though fully set forth at length.

29.     An actual controversy has arisen and now exists between Ameritas and defendant concerning their respective rights and obligations under the Policy.

30.     Ameritas believes that the Policy was procured or was caused to be procured by strangers to the insured without insurable interest and/or was procured with a present intention to transfer ownership to strangers without insurable interest and therefore violates the Public Policy of New Jersey against wagering contracts and should be declared void.

31.     Defendant has demanded immediate payment of the death benefit provided in the Policy on account of the death of Sarn.

32.     A declaration of rights from this Court is therefore necessary and appropriate at this time in order that Ameritas may ascertain and know is full rights and obligations under the Policy.

WHEREFORE, Ameritas respectfully requests that this Court enter its judgment and declaration as to whether the Policy is valid and enforceable or whether it was procured or caused to be procured by strangers to Sarn without valid insurable interest in his life or with an intention to transfer ownership interest in the Policy to such strangers to the insured, in which case the Policy should be declared null and void *ab initio*.  If the Court declares the Policy void *ab initio*, then Ameritas also respectfully requests that this

6

Court enter its judgment and declaration as to whether Ameritas is obligated to refund

premiums paid for the Policy.

<div style="margin-left:40%">

Respectfully submitted,

FISHERBROYLES LLP
*Attorneys for plaintiff Ameritas Life Ins. Corp.*


    *s/*

Robert P. Lesko

</div>

Dated:  October 4, 2019