UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | Civil Action No. 2:19-cv-18713-KM-SCM |
| Plaintiff, | |
| v. | JOINT PROPOSED DISCOVERY PLAN |
| WILMINGTON TRUST, N.A., | |
| Defendant. | |

**1.    Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Ameritas Life Insurance Corp. seeks a declaration of its rights and obligations with respect to the Universal Life Insurance Policy at issue in this matter. Wilmington Trust, N.A. in its capacity as Securities Intermediary ("Securities Intermediary") currently holds title to the policy for the benefit of Geronta Funding. Ameritas believes that the policy was originally procured or caused to be procured by strangers without a valid insurable interest in the life of the insured and that certain misrepresentations were made in the application for the policy and otherwise during the application process regarding, among other things, the intended disposition and source of funding for the policy as well as the intended purpose of the policy. Based on the recent holding of the New Jersey Supreme Court in *Sun Life Ass. Co. v. Wells Fargo Bank*, N.A., 238 N.J. 157 (2019), Ameritas contends that because the policy was purchased without valid insurable interest, it is an illegal wagering contract in violation of New Jersey's public policy and is therefore void ab initio.

Securities Intermediary contends that the policy was lawfully acquired by WT's immediate predecessor, Geronta Funding, in accordance with New Jersey's Viatical Settlements Act. Securities Intermediary denies Ameritas' contentions and seeks a declaration that: (a) the policy at issue is valid and enforceable, (b) the policy had insurable interest at inception, and (c) the statutory and contractual contestability periods have expired, thereby precluding Ameritas from ever contesting the validity of the policy for any reason other than nonpayment of premiums. Securities Intermediary also seeks (d) damages resulting from what it contends is Ameritas's misconduct. In particular, Securities Intermediary raises claims for breach of the covenant of good faith and fair dealing, breach of contract, unjust enrichment, bad faith denial of insurance proceeds and promissory estoppel based on, among other things, the allegations that Ameritas,

1

despite receiving millions of dollars in premiums over nearly twelve years, claims that it believes the Policy was caused to be procured by strangers to the insured. In addition, Securities Intermediary raises a claim for negligent misrepresentation based on, among other things, Ameritas' continuous representations that the Policy was valid and in-force, which misled good-faith purchasers, like Geronta Funding (for whose benefit Securities Intermediary maintains title ownership to the Policy), into acquiring the Policy on the life settlement market.

2. **Have settlement discussions taken place? Yes _____ No \_\_\_X\_\_\_\_\_
If so, when?**

    (a)    What was plaintiff's last demand?
           (1) Monetary demand: $ _____
           (2) Non-monetary demand: _____

    (b)    What was defendant's last offer?
           (1) Monetary offer: $ _____
           (2) Non-monetary offer: _____

3. **The parties [have _____ -have not \_\_X\_\_\_ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

The parties have begun to informally exchange documents in anticipation of and preparation for settlement discussions and mediation, which the parties are presently attempting to schedule June 2020 or as soon thereafter as possible depending upon the parties' and their attorneys' ability travel in light of the challenges and restrictions associated with the current COVID-19 crisis.

The parties have also agreed to make complete disclosure as required by Fed. R. Civ. P. 26(a)(1) on or before April 25, 2020.

4. **Describe any discovery conducted other than the above disclosures.**

Informal document exchange as described above.

5. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

Ameritas is presently contemplating amendment of the complaint to include a claim for rescission based upon intentional fraud in the application for the policy and proposes a deadline of May 31, 2020 to file its motion for leave to amend.

Securities Intermediary objects to and will oppose any request by Ameritas for leave to amend its complaint to insert a claim for rescission on the basis articulated above.  Securities Intermediary contends that Ameritas is precluded from further contesting the policy for any reason other than failure to receive premiums, which is not applicable here.  *See e.g., Sun Life Ass. Co. v. Wells Fargo Bank*, N.A., 238 N.J. 157 (2019).

6. **The parties proposed the following:**

    **(a) Discovery is needed on the following subjects:**

    Ameritas seeks discovery relating to the representations contained in the application regarding income and net worth of the insured, the insured's expectations and intentions at and before the time the policy was issued regarding transfer of the policy, identity and relationship to the insured of individuals and entities with a beneficial interest in the policy at issuance, the circumstances of the solicitation of the application for the policy and the sources of information supplied to Ameritas in connection with the application.

    Securities Intermediary will also be seeking discovery relating to the facts that led to the issuance of the policy, including the actions of Ameritas during the contestability period and thereafter and facts pertaining to Ameritas' actions since it learned of the death of the insured.

    **(b) Should discovery be conducted in phases? If so, explain.**

    No.

    **(c) Number of Interrogatories by each party to each other party:** 25

    The parties propose no changes at this time to the limitations imposed by the Fed. R. Civ. P. in this regard.

    **(d) Number of Depositions to be taken by each party:** 10

    The parties propose no changes at this time to the limitations imposed by the Fed. R. Civ. P. in this regard.

    **(e) Affirmative expert report due on:** October 15, 2020.

    **(f) Responsive expert report due on**: December 1, 2020.

    **(g) Motions to Amend or to Add Parties to be filed by** May 31, 2020.

      **(h) Dispositive motions to be served within \_\_\_\_30\_\_\_\_ days of completion of discovery.**

      **(i) Factual discovery to be completed by \_\_August 31, 2020\_\_\_.**

      **(j) Expert discovery to be completed by \_\_January 15, 2021\_\_\_.**

      **(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

The parties will jointly propose a Protective/Confidentiality order to facilitate exchange of non-privileged sensitive information.

      **(l) A pretrial conference may take place on _____.**

      **(m) Trial by jury or non-jury Trial?** Jury trial has been demanded.

      **(n) Trial date: _____.**

7. **Do you anticipate any discovery problem(s)? Yes _____ No \_\_\_\_X\_\_\_\_\_**

   **If so, explain**.

8. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes _____ No \_\_\_X\_\_\_\_\_**

   **If so, explain.**

9. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

   The parties intend to engage in voluntary mediation in June 2020 or as soon thereafter as possible depending upon the parties' and their attorneys' ability travel in light of the challenges and restrictions associated with the current COVID-19 crisis.

10. **Is this case appropriate for bifurcation? Yes _____ No \_\_X\_\_\_\_\_**

11. **We [do _____ do not _____X\_\_\_\_\_] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.**

| | |
|---|---|
| FISHERBROYLES LLP | HOLLAND & KNIGHT LLP |
| *Robert P. Lesko* | *Katherine A. Skeele* |
| 100 Overlook Center, Second Floor | 31 West 52nd Street |
| Princeton, NJ  08540 | New York, New York 10019 |
| 973-917-8686 | katherine.skeele@hklaw.com |
| robert.lesko@fisherbroyles.com | |
| | *Pro Hace Vice pending* |
| *Attorneys for plaintiff Ameritas Life Insurance Corp.* | |
| | Jesus E. Cuza |
| | Florida Bar No. 428991 |
| | Rebecca Canamero |
| | Florida Bar No: 86424 |
| | Annelise Del Rivero |
| | Florida Bar No: 1003234 |
| | HOLLAND & KNIGHT LLP |
| | 701 Brickell Avenue, Suite 3300 |
| | Miami, Florida 33131 |
| | jesus.cuza@hklaw.com |
| | rebecca.canamero@hklaw.com |
| | annelise.delrivero@hklaw.com |
| | |
| | *Attorneys for defendant, counterclaimant Wilmington Trust, N.A.* |