**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP.<br><br>　　　　　Plaintiff,<br>v.<br><br>WILMINGTON TRUST, N.A.<br>　　　　　Defendants. | Civil Action<br><br>2:19-cv-18713-KM-SCM<br><br>**PRETRIAL SCHEDULING ORDER** |

　　　　**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 11, 2020; and for good cause shown:

　　　　**IT IS** on this Monday, May 11, 2020,

　　　　**ORDERED THAT**:

### I.　　DISCLOSURES

**1.** Fed.R.Civ.P. 26 initial disclosures shall be exchanged by 5/25/2020.

### II.　　DISCOVERY

**2.**　The parties may serve interrogatories limited to twenty-five (25) single questions, requests for production of documents and requests to admit on or before 6/12/2020, to be responded to **within thirty (30) days of receipt**. The propounder of any request shall identify any deficiency with the responses in writing within 30 days of receipt.

**3.**　The parties shall be limited to **ten (10)** fact witness depositions per side. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed.R.Civ.P. 32(d)(3)(A). No instruction not to answer shall be given unless privilege is implicated.

**4.**　No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. L.Civ.R. 37.1(a). Should informal efforts fail within 10 days of the occurrence of the dispute (and for disputes over paper discovery, no later than 120 days after the R16 conference), the dispute shall immediately be brought to the Magistrate Judge's attention via a **joint dispute letter** filed on ECF not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. If the dispute is complex (e.g., concerns privilege, undue burden, or privacy) counsel shall also file briefs and supporting affidavits along with their joint dispute letter. Courtesy paper

copies must be delivered to chambers.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute. *See* L. Civ. R. 16.1(f).

**5.**  Fact discovery is to remain open through 12/4/2020.  No *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

### III.   DISCOVERY CONFIDENTIALITY ORDERS

**6.**  Any proposed discovery confidentiality order shall be presented as a joint submission. The proposed form of order shall comply with Local Civil Rule 5.3 and the proposed confidentiality order must be clearly designated **"Discovery Confidentiality Order."**

### IV.   FUTURE CONFERENCES

**7.**  A telephone status conference shall be held on 8/3/2020 **at 10:00 a.m.** Counsel for plaintiff shall initiate the call.  If there is no pending dispute letter, the parties will file a joint agenda letter (up to 3 double spaced pages) 8 or more days prior to the conference itemizing the issues, if any, including settlement that need to be discussed in the upcoming conference.

**8.**  The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

**9.**  Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

**10.**  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

**11.**  A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V.   MOTIONS

12.   Leave is not required for Rule 12(b) motions, motions to seal, or motions to admit *pro hac vice*.  No other motions are to be filed without prior written permission from this Court.

**13.**   Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than 8/7/2020.

14.   Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. Any such letter application may not be filed prior to the completion of discovery and must be filed no later than 30 days after discovery closes. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), 56.1, and 78.1

15.   Dispositive motions, if any, are to be filed by [**TO BE DETERMINED**].

## VI.   EXPERTS

16.   All affirmative expert reports shall be delivered by 12/4/2020**.**  Any such report is to be in the form and content as required **by** Fed.R.Civ.P. 26(a)(2)(B).

17.   All responding expert reports shall be delivered by 1/8/2021.

18.   All expert discovery, including the completion of depositions, shall be completed by 3/5/2021.

19.   No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII.   FINAL PRETRIAL CONFERENCE

20.   A final pretrial conference shall be conducted pursuant to Fed.R.Civ.P. 16(e) on TBD.

21.   Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court not later than **forty-eight (48)** hours prior to the final pretrial conference.

22.   All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, *voir* dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be

submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

23.   With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

24.   The original of the Final Pretrial Order shall be delivered to Chambers not later than forty-eight (48) hours before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submission.

25.   **FAILURE TO FOLLOW THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS WILL RESULT IN SANCTIONS PURSUANT TO Fed.R.Civ.P. 16(f) and 37.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/11/2020 10:02:10 AM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
cc: All parties
    File

KM

4