Robert P. Lesko
FISHERBROYLES LLP
100 Overlook Center, Second Floor
Princeton, NJ  08540
973-917-8686
robert.lesko@fisherbroyles.com
*Attorneys for plaintiff Ameritas Life Insurance Corp.*

|  |  |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : Civil Action No. 2:19-cv-18713-KM-ESK |
| v. |  |
| WILMINGTON TRUST, N.A., |  |
| Defendant. |  |

AMERITAS LIFE INSURANCE CORP. REPLY BRIEF
IN FURTHER SUPPORT OF DOCUMENT REQUEST NUMBER 12

i

# INTRODUCTION

The New Jersey Supreme Court has made it clear in *Sun Life Assurance Co. of Can. v. Wells Fargo Bank, N.A.* that, to assess whether a return of premium is warranted in the case of an illegal STOLI contract, a trial court should develop a record sufficient to assess whether the STOLI investor was actually *or constructively* aware of the illegality of the policy. This includes the investor's awareness of or failure to notice "red flags" tending to reveal the illegality. The communications sought in Ameritas' request number 12, including those communications that do not contain a specific reference to the particular policy at issue in this case, are highly likely to contain information, inquiries, or concerns (i.e., red flags) regarding circumstances common to the policy at issue that did or should have put defendant's principal or its agents on notice that the policy was STOLI. The communications are, therefore, directly relevant to one of two main issues in this case.

There is no cognizable basis for defendant to withhold the communications. While defendant has, for the first time in its opposition, asserted new objections based on burden and proportionality, it has not presented any specific facts or circumstances supporting those objections as is required to do to maintain the objections. The Court should, therefore, reject the objections and order defendant to produce all responsive documents immediately.

# ARGUMENT

### I. DEFENDANT'S REFUSAL TO PRODUCE OTHERWISE RESPONSIVE DOCUMENTS BECAUSE THEY DO NOT "SPECIFICALLY REFER TO THE [POLICY IN ISSUE]" IS IMPROPER

To assess whether an investor in an illegal STOLI policy is entitled to a refund of premium that it funded, the trial court must determine the level of the investor's culpability by

1

assessing the level of the investor's participation in or actual *or constructive* knowledge of the underlying scheme to secure the illegal policy. This includes the investor's failure to notice "red flags" tending to reveal the illegality of the policy. So said the New Jersey Supreme Court. "To decide the appropriate remedy, trial courts should develop a record and balance the relevant equitable factors. Those factors include a party's level of culpability, its participation in or *knowledge of the illicit scheme*, and its *failure to notice red flags*." *Sun Life Assurance Co. of Can. v. Wells Fargo Bank, N.A.*, 238 N.J. 157, 190 (2019) (emphasis added). "The original investors, in contrast, who may have ... been duped, were at least on *inquiry notice* of the illicit scheme. The court pointed to several *red flags* [that] *should have placed them on notice*. Because it would be unjust to reward the investors under those circumstances, the court concluded they failed to state a claim for unjust enrichment and *were not entitled to a refund of the premiums they funded*." *Id.* at 189 (*citing Carton v. B & B Equities Grp., LLC*, 827 F. Supp. 2d 1235, 1239-40, 1247 (D. Nev. 2011)) (internal citations omitted) (emphasis added).

      The communications between the seller of a STOLI policy and the investor are a most logical place to find information disclosed to the investor (i.e., red flags) that did or should have put the investor on actual or constructive notice of the illegality of the policy. Such communications are also a most logical place to look for inquiries or demands made by the investor that would reveal the investor's recognition of the red flags.

      Such communications need not specifically mention the particular policy at issue in the litigation to be probative of such red flags. Communication made in reference to a different policy (or no particular policy at all) but relating to a red flag that is also applicable to the policy at issue is relevant to defendants claim for recovery of premium. For example, communications containing no reference to any specific policy but relating concern over Liberty Planning, Inc. in

light of the federal mail and wire fraud prosecutions and convictions of its principals would be relevant as evidence that Liberty Planning's origination is a red flag that the investor should have considered in purchasing the policy. Liberty Planning originated the Ameritas Policy at issue in this case. Thus, even if there is no reference in the communication to the Ameritas Policy, the communication would be relevant to establish a red flag that Geronta and its agents should have considered because – as the application attached to the policy at issue reveals – Liberty Planning was also the broker here.

Likewise, communications relating concern over the number of policies or the aggregate amount of insurance on a single insured or the timing of issuance of such policies would be relevant to establish a red flag relevant to this case, even if a different policy or insured (or no particular policy or insured) is specifically reference in the communication. The application for the policy at issue showed that this insured – who was then 76 years old – had no insurance at all in force prior to the time of application. Yet, within six months, he purportedly purchased three policies totaling $35 million in coverage. Geronta purchased at least two of those policies (the Ameritas policy and one issued by American National Life) worth $15 million.[1] Such excessive amounts of aggregate coverage and sudden placements of insurance should have alerted Geronta and its agents to the likelihood that the Ameritas policy was STOLI.[2] Communications demonstrating Geronta's awareness of or concern regarding excessive aggregate amounts of in-force insurance for a single insured or sudden spikes of in-force insurance are, therefore, also red

---

[1] Defendant has also refused to produce communications relating to even the American National Life policy insuring Sarn.
[2] Indeed, during its due diligence review, Geronta's agent, Life Equity noted "multiple policies on insured sold at that time" as "a material basis upon which a legally valid claim could be made that insurable interest did not exist at the time of policy issuance."

3

flags relevant to the policy at issue, regardless of whether the particular policy is specifically referenced in the communication.

These are just a couple of examples of red flag communications that are likely to be revealed in documents responsive to request number 12, which defendant has refused to produce. A complete list would be limited only by the facts and circumstances surrounding the application for, issuance, and transfer of the Ameritas policy, such as the state in which the policy was issued, the life settlement providers involved in the transaction, the date the policy was issued and how long after the policy was initially transferred, etc. Ameritas has articulated a firm basis for relevance of the discovery sought. In the absence of valid objection, defendant should be required to promptly comply.

## II. DEFENDANT'S NEW BURDENSOMENESS AND PORPORTIONALITY OBJECTIONS ARE INVALID BECAUSE THEY ARE BOTH ENTIRELY UNSUPPORTED AND TOO LATE

Defendant has never before raised any objection to Ameritas' request number 12 based on burden or disproportionality. It should not be heard to object on those grounds now, fully eight months after the request was served. Moreover, defendant has not presented any basis for such objections. Therefore, it has failed to meet its burden, and the objection should be rejected as unfounded. Additionally, insofar as the discovery sought is relevant to defendant's multi-million-dollar claim for refund of premium, the suggestion that the burden imposed by the discovery would be disproportionate to the litigation rings hollow indeed.

Defendant bears the burden to show facts demonstrating that the time or expense required to produce documents responsive to request number 12 respond is unduly burdensome. *William Powell Co. v. Nat. Indemnity Co.*, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017) ("the amended rule did not shift the burden of proving proportionality to the party seeking discovery");

*Carter v. H2R Rest. Holdings, LLC*, 2017 WL 2439439, at *4 (N.D. Tex. June 6, 2017) (noting rule amendments "do not alter the basic allocation of the burden on the party resisting discovery"); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *3 (N.D. Tex. Jan. 20, 2017)("a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by [Rule 26] by coming forward with specific information to address [the proportionality factors]…"); *Cont'l W. Insur. Co. v. Opechee Constr. Corp.*, 2016 WL 865232, at *1 (D.N.H. Mar. 2, 2016) ("Once a showing of relevance has been made, the objecting party bears the burden of showing that discovery request is improper."); *United States ex rel. Shamesh v. CA., Inc.*, 2016 WL 74394, at *8 (D.D.C. Jan. 6, 2016) ("Once the relevancy of the materials being sought has been established, the objecting party then bears the burden of 'showing why discovery should not be permitted.'"); *State Farm Mut. Auto. Ins. v. Fayda*, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) ("The burden of demonstrating relevance remains on the party seeking discovery, and the newly-revised rule does not place on that party the burden of addressing all proportionality considerations.").

Specifically, defendant must provide detail in terms of time, money and procedure in responding to the requested discovery sufficient to demonstrate undue burden and disproportionality. *Cory v. Aztec Building, Inc.*, 225 F.R.D. 667, 672 (D.Kan. 2005). *See also*, *Allen-Pieroni v. Sw. Corr., LLC*, 2016 WL 1750325, at *4 (N.D. Tex. May 2, 2016) (noting the party resisting discovery bears the burden of coming forward with specific information to address whether the burden or expense of the proposed discovery outweighs its likely benefit).

Even if defendant had timely asserted its burden and proportionality objections to request number 12, it has not met its burden to present this court with detailed facts against which the

5

court might test the objection. Therefore, defendant's objection is unfounded and should be rejected.

## CONCLUSION

To limit production of communications to only those that specifically reference the Ameritas policy is to limit production of communications that would reveal red flags putting Geronta Funding on actual or inquiry notice of the underlying STOLI scheme pursuant to which the Ameritas policy was procured. Such red flags are directly relevant to the balancing of equities that this Court will ultimately perform with respect to Ameritas' obligation – or lack thereof – to refund premiums paid for the policy. Defendant should be required, therefore, to produce all documents responsive to Ameritas' document request number 12 without limitation.

Respectfully submitted,

 s/ Robert P. Lesko
FISHERBROYLES LLP
*Attorneys for plaintiff Ameritas Life Ins. Corp.*

Dated: December 28, 2020