# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Katherine A. Skeele
(212) 513-3397
katherine.skeele@hklaw.com

August 13, 2021

*Via ECF*

Honorable Edward S. Kiel
United States Magistrate Judge for the District of
New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark NJ 07101

Re: *Ameritas Life Ins. Corp. v. Wilmington Trust, N.A., as Securities Intermediary*, Civil Action No. 2:19-cv-18713
    Joint Letter Agenda for January 26, 2021 Conference

Dear Judge Kiel:

In conformity with Your Honor's direction, given at the July 9, 2021 conference in the above-captioned action, Wilmington Trust, N.A., as Securities Intermediary ("Securities Intermediary") respectfully submits the following supplemental authorities in support of its position that Ameritas Life Ins. Corp. ("Ameritas") should be compelled to produce its full investigation file, including those files maintained by its counsel, Mr. Lesko.[1] On July 9, Your

---

[1] Securities Intermediary reiterates that at issue here is not only Ameritas' declaratory judgment action, by which Ameritas is fishing for a STOLI determination that it has been unable to support or substantiate through a claim investigation process, but also Securities Intermediary's counterclaim, premised on Ameritas' bad faith failure to make

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Lakeland | Los Angeles | Miami | New York | Northern Virginia | Orlando | Portland | San Francisco | Stamford
Tallahassee | Tampa | Washington, D.C. | West Palm Beach

Bogotá | London | Mexico City

Honorable Edward S. Kiel
August 13, 2021
Page 2

Honor directed the parties to provide brief supplemental citations of authority on the question of whether a life insurer's investigation into the STOLI nature of a policy, or the validity of a policy generally, constitutes a "claim investigation" that is part of the ordinary course of the insurer's business. As Your Honor has noted, there is no substantial authority on this narrow question in the District of New Jersey; there is, however, a weight of authority (cited by Securities Intermediary in the parties' July 1, 2021 joint pre-motion letter) to the general effect that an insurer's investigation of a claim is not privileged, even if conducted by an attorney. On July 9, Securities Intermediary argued the position that a claim investigation necessarily includes a determination of policy validity, whether as an assumption of the claim adjustment process, or as a stand-alone investigation. Securities Intermediary now directs the Court to substantial further authority, both within and outside the District, to support the conclusion that a life insurer's investigation into the STOLI nature of a policy, and/or the validity of a policy, is <u>within the ordinary course of its business</u>, and <u>is not privileged</u>.[2]

**Case Law within the District and within Other Districts of the Circuit Establish That a "Claim Investigation" *Includes* Determination of STOLI Factors and Policy Validity**

Wilmington has previously cited this Court's authority establishing that an insured cannot insulate claims investigations by conducting them through counsel, because claims investigations

---

the contractually mandated payment of the death benefit, despite the failure of its investigation process to turn up any substantial support for a conclusion that the policy at issue was STOLI. All of the information that Ameritas had when their contractual deadline to pay the death benefit came and passed is relevant to Securities Intermediary's counterclaim. Their attempt to insulate their investigation process as "anticipation of litigation" is an attempt to remove from examination their failure to fulfill their contractual obligation -- the obligation at the heart of Securities Intermediary's bad faith counterclaim.

[2] It should be noted that Ameritas' privilege log failed to include a single investigation entry— as Ameritas has admitted during conferences and in writing. Thus, even if its privilege claims were legally supportable (which they are not), they are waived.

are the routine business of insurers. Ameritas has taken the position that an investigation into the STOLI nature of a policy, or the policy's underlying validity, is not a "claims investigation," but something else - something "privileged." Ameritas has not cited authority for this position, and there is ample authority that cuts against it:[3]

In *Lincoln Nat. Life Ins. Co. v. Schwartz*, No. 09–03361(FLW), 2010 WL 3283550 (D.N.J. Aug. 18, 2010), a life insurer initiated an investigation *termed by the Court* a "death claim investigation" after the death of an insured. On the basis of that investigation, the insurer took the position that the applications and policies at issue were STOLI and contained fraudulent and material misrepresentations/omissions.

In *Lincoln Nat. Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546 (D.De. 2010), a defendant life insurer received a claim on a policy of life insurance. The insurer undertook an investigation into the STOLI nature of a policy. The district court characterized that investigation as a "claim investigation." While the decision did not involve privilege claims, it is clear from the facts cited by the court that the insurer's investigation files were in evidence.

In *Sun Life Assurance Co. Canada v. U.S. Bank Nat. Assoc.*, 369 F. Supp. 3d 601 (D.De. 2019), the district court characterized plaintiff Sun Life's investigation into defendant U.S. Bank's claim on a policy of life insurance as a "claim investigation" when it revealed indicia of STOLI.

---

[3] Moreover, during the approximately 12 years (starting in July 2009 when the Policy was issued) that Ameritas was charging and collecting over $3,000,000.00 in premiums for the Policy, not once did Ameritas raise any concern about the validity of the Policy or the Policy being a STOLI.  Conveniently, Ameritas began to contest the validity of the Policy in 2019, almost immediately after the insured, Dr. Bernard Sarn, had passed in February 2019, the beneficiary of the Policy had submitted its claim for the death benefit, and Ameritas could no longer collect premiums because of Dr. Sarn's passing.

In short, precedent within this District, and more broadly within the Third Circuit, is clear: investigating the STOLI nature of a policy <u>is a claims investigation</u>, which is in the ordinary course of an insurer's business.

**Federal Case Law within and Outside the Circuit Establishes That District Courts Do Not Consider Life Insurer's Investigations into STOLI Factors to Be Privileged**

Federal courts have examined the question of discovering insurer's records of STOLI investigations specifically. These cases indicate that there is no blanket privilege to protect these investigations as existing somehow outside the "claim investigation" process, as Ameritas claims.

In *Principal Life Ins. Co. v. Weiss*, 2010 WL 11561146 (E.D.Pa. Jan. 25, 2010), defendant sought to compel, among other things, life insurer plaintiff's records of its investigations undertaken as to the existence of STOLI transactions before it filed its complaint. The Court denied the motion to compel, but not on the basis that the information sought was privileged: the court found that the plaintiff insurer had, in fact, produced responsive documents, and was in the process of supplementing its production.

In *Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, 2011 WL 1636949 (D.De. April 29, 2011), where an insurer defendant had listed documents on its privilege log associated with its investigation into STOLI claims (which investigation included its in-house counsel), the court directed plaintiff to identify documents on that log for which plaintiff challenged the privilege designation for further and document-specific consideration, indicating the court's intention to scrutinize defendant's privilege claims.

In *Colorado Mills, LLC v. Philadelphia Indem. Ins. Co.*, 2013 WL 1340649 (D.Co. April 2, 2013), the court considered a question of whether an investigation into policy validity, when

conducted by counsel, was privileged. The court cited a standard for determining whether an attorney is acting in an investigative, rather than legal, capacity.

It is clear from Ameritas' representations both in filed documents and during conferences in this matter that it does not seek to insulate from discovery only information provided to counsel by individuals internal to Ameritas, but rather to insulate - improperly - information discovered from third parties and third party sources. The court in *Colorado Mills* repeated the oft-cited refrain: "[n]ot every document drafted by counsel or every communication with counsel is protected by the attorney-client privilege." For example, "*the attorney-client privilege does not protect the results of a factual investigation conducted by counsel relating to the origination of an insurance policy and the validity of a claim*." Id. (citing *Nat'l Farmers Union Prop. & Cas. Co.*, 718 P.2d at 1044 (Colo. 1986)) (emphasis added).

### Ameritas' Claim to Early "Anticipation" of Litigation Does Not Insulate Its Ordinary Business Procedures from Discovery

Ameritas is adamant that its full investigation is blanketed in privilege because Ameritas "anticipated" litigating the validity of the policy even before it received a death claim. But even if an investigation is undertaken in the context of, or in anticipation of litigation, it is not necessarily privileged if it falls within a core business function. Precedent outside the insurance context is instructive here. In *Harding v. Dana Transport, Inc.,* 914 F. supp. 1084 (D.N.J. 1996), an employer hired outside counsel to handle its defense in an administrative employment discrimination action. That attorney conducted an investigation. Plaintiffs sought discovery of the substance of that investigation, based on the employer defendant's reliance upon it. The employer defendant objected, on the basis of attorney-client privilege and the work product doctrine (as well as on the

basis of the self-critical analysis privilege). Plaintiff asserted that the attorney, when conducting the investigation, was not acting in the role of counsel. Plaintiff further argued that even if she was acting as counsel during the course of the investigation, the employer defendant waived any privilege protecting the investigation materials by relying upon them. The Court ordered that the attorney appear for deposition, over the defendant's privilege objections, on the limited subject of the investigation. The court further ordered that the defendant produce, among other things, "all documents, letters, memos, handwritten notes and/or tapes that refer to, relate to or evidence any investigation - including communications obtained by questioning witnesses or conversations pertaining to allegations of sexual harassment or misconduct of" the defendant.

Notably, *Harding* has been relied upon outside the labor and employment context, in a case involving a fraudulent check. This Court noted that "[a]n internal investigation of suspicious activity within a corporation by in-house counsel does not necessarily fall under the privilege of the work product doctrine or the attorney-client privilege." *Freedman & Gersten, LLP v. Bank of American, N.A.*, No. 09–5351 (SRC)(MAS), 2010 WL 5139874 (D.N.J. Dec. 8, 2010) (noting the necessity of a court's focus on the "purpose and function of the attorney in the particular situation").

There is no authority to support Ameritas' contention that it can avoid the non-privileged nature of ordinary-course functions by "anticipating" litigation before conducting a litigation - particularly when Ameritas is relying on the contents of its investigation file.

Adding the authorities cited herein to its prior position, Securities Intermediary respectfully submits that this Court should order Ameritas immediately to produce a complete list of all documents not produced, and proceed to produce them all. Wilmington further requests that its costs of enforcement of its right to fulsome disclosure be shifted to Ameritas.

Honorable Edward S. Kiel
August 13, 2021
Page 7

        Sincerely yours,

        HOLLAND & KNIGHT LLP

        */s Katherine A. Skeele*
        Katherine A. Skeele