# Fisher Broyles

**Robert P. Lesko**
Partner
robert.lesko@fisherbroyles.com
973-714-0340
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
www.FisherBroyles.com

September 10, 2021

**VIA ECF**

Honorable Edward S. Kiel
United States Magistrate Judge for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: Ameritas Life Ins. Corp. v. Wilmington Trust, N.A., USDCNJ no. 2:19-cv-18713

Dear Judge Kiel:

Please accept this letter on behalf Ameritas Life Insurance Corp pursuant to Your Honor's July 14 Order (DE 64) setting forth Ameritas' position concerning the status of our efforts to reach an agreement with Life Equity regarding the scope of additional documents to be produced by Life Equity in response to the subpoena directed to it by Ameritas.  Regrettably, Life Equity has refused to engage in any meaningful negotiation as to the search terms and phrases proposed by Ameritas pursuant to Your Honor's direction.  Accordingly, Ameritas respectfully requests that the court enter its order compelling Life Equity to produce responsive documents.

## THE OUTSTANDING DOCUMENTS

In response to Life Equity's objection that Ameritas' subpoena is overly broad, Ameritas has demanded from Life Equity the following limited production:

-   All documents in Life Equity's possession or control relating to the sale to EEA of any policy insuring the life of Bernard Sarn

-   All documents in Life Equity's possession or control relating to Life Equity's role as broker in connection with any policy insuring the life of Bernard Sarn;

-   All documents in Life Equity's possession or control relating to Life Equity's due diligence in connection with Geronta Funding's purchase from EEA of any portfolio of policies that included any policy insuring Bernard Sarn (but limited to documents containing search terms/phrases proposed on March 22, 2021).

Ameritas' motion to enforce the subpoena seeks production of all three categories of documents from Life Equity; however, the court's direction to meet and confer regarding search terms relates primarily to the third category insofar as it may include documents related to policies insuring persons other than Sarn.

## THE DOCUMENTS ARE RELEVANT TO AMERITAS' CLAIMS

Ameritas seeks a declaration that life insurance policy at issue is an illegal wagering contract because it was obtained by or for the benefit of strangers to the insured; that is, it is a STOLI contract.  Ameritas also

Edward S. Kiel, USMJ
September 10, 2021  |  Page 2 of 3

seeks a declaration that the present owner of the policy is not entitled to refund of premiums because it knew or should have known that the policy was an illegal STOLI contract based on numerous "red flags" indicators discovered during the owner's due diligence review prior to consummating the purchase.  The due diligence review was done by the owner's due diligence agent, Life Equity.  Of note, Life Equity also served as the broker for the initial life settlement sale of the policy to the previous owner, where Life Equity also likely encountered the same red flags revealing that the policy was an illegal STOLI contract.

Your Honor concluded in January that documents containing references to red flags regarding other policies in the portfolio are potentially relevant to Ameritas' claims.  (D.E. 65, p. 10, ln.19).  During the hearing on July 9 regarding Ameritas' motion to enforce the Life Equity subpoena, Your Honor asked us to obtain the transcript of the January hearing and provide it to counsel for Life Equity so that we could meet and confer to arrive at a list of mutually agreeable targeted search terms.  (D.E. 68, p. 9, ln. 9 and pg. 12, ln. 23).

## LIFE EQUITY FAILED TO MEET AND CONFER IN GOOD FAITH

On July 14, Your Honor directed counsel for Ameritas and counsel for Life Equity to meet and confer with respect to mutually acceptable terms and phrases to be applied by Life Equity in searching for emails and documents responsive to Ameritas' subpoena.  I had previously proposed such a list to counsel for Life Equity on March 22, 2021.  In accordance with the July 14 Order, I provided the transcript of the January hearing to counsel for Life Equity on July 22, 2021 and requested production of documents containing words or phrases outlined in the March 22 email.  Exhibit A.  Counsel for Life Equity advised on July 27, 2021 that the proposed list of terms and phrases produced 35,000 "hits" when tested against Life Equity's data.  *Id*.  Counsel did not, however, provided any information regarding number of documents returned.  On the same day, I asked counsel to advise which terms caused the highest volume of "hits" so that we could work together on narrowing the list.  *Id*.  Having heard nothing in response, I followed up with Life Equity's counsel on August 5.  Counsel advised that the key person at Life Equity was on vacation and they would not be able to "get alternative searches" until the week of August 9.  I again followed up with Life Equity's counsel on August 11.  On August 13, our deadline to apprise the court of the status of efforts to meet and confer[1], counsel for Life Equity advised they needed more time to meet with their client and requested a two-week adjournment of the deadline.  *Id*.  Your Honor adjourned the deadline to August 27.

On August 17, counsel for Life Equity simply reiterated that the list of search terms and phrases proposed by Ameritas "yielded many thousands of hit [sic] and were unworkable" and declared that "Since the proposed searches are overbroad, we will stand on our position that Life Equity has satisfied the subpoena."  Exhibit B.  Life Equity did not propose any alternative searches as they had promised.  We offered a narrowed list of terms and phrases the very next day.  *Id.*  Counsel for Life Equity rejected the revised list within five minutes and failed to offer any alternatives.  *Id.*  In an effort to facilitate further discussion, we asked Life Equity's counsel to provide additional information about the results of the search, including the number of hits returned for each search term/phrase, so that we could intelligently evaluate the list and offer further potential solutions.  *Id.*  On August 27, counsel for Life Equity again advised that they needed more time to work with their "client to provide a proposal to you regarding documents" and requested yet another two-week extension.

On August 31, Life Equity proposed to apply just a single search term - "Liberty Planning" - and produce only those documents that contained that term.  Ex. C.  Such a narrow search would ignore all of the other "red flags" that did or should have put Life Equity on notice of the STOLI nature of the policy during due diligence review.  I explained that to counsel for Life Equity and again implored counsel to provide us specific useful information to help us understand the degree of the alleged burden and help to reasonably

narrow the search terms.  *Id.*  We received a snap response minutes later declining our invitation to further confer regarding the search terms and confidently proclaiming "we do not expect the judge to require any more of us."  *Id.*  Over the course of the next week, we again asked counsel for Life Equity on two occasions to engage in further discussion. *Id.* They again twice refused, ultimately declaring "you are free to ask the court to issue a ruling on the motion."  Exhibit C.

This court has already concluded that evidence of Life Equity's awareness of "red flags" tending to reveal that the policy at issue is a STOLI contract are relevant to Ameritas' claims, and documents revealing them are discoverable.  Life Equity has asserted that production of documents that would contain such red flags is overly burdensome, but Life Equity has neither articulated any facts supporting that assertion nor engaged in good faith negotiations with Ameritas to limit the scope of the search and review for such documents.  In light of Life Equity's failure to meet and confer in good faith to reasonably limit the scope of the documents requested in the subpoena, Ameritas respectfully requests that Life Equity be ordered to immediately comply with the subpoena as limited by Ameritas by producing:

    1.  All documents in Life Equity's possession or control relating to the sale to EEA of any policy insuring the life of Bernard Sarn;

    2.  All documents in Life Equity's possession or control relating to Life Equity's role as broker in connection with any policy insuring the life of Bernard Sarn;

    3.  All documents in Life Equity's possession or control relating to Life Equity's due diligence in connection with Geronta Funding's purchase from EEA of any policy included in the portfolio of policies that include any policy insuring Bernard Sarn and which also contain any one or more of the search terms or phrases proposed by Ameritas in its counsel's email dated August 18, 2021 10:18 a.m. (Contained within Exhibit B).

We are grateful for the Court's continuing attention and assistance with enforcement of the subpoena.

Respectfully submitted,

Robert P. Lesko, Partner

c:  Jule Rousseau (via ECF)
    Eric Biderman (via ECF)
    Katherine Skeele (via ECF)

---

[i] The initial deadline of July 30, 2021 was extended to August 13 upon request by Ameritas' counsel due to conflicting arbitration hearing, which occurred on July 28, 29 and 30.

# EXHIBIT A

# EXHIBIT A

| | |
|---|---|
| **From:** | Biderman, Eric |
| **To:** | Robert Lesko |
| **Cc:** | Rousseau, Jule |
| **Subject:** | Re: Ameritas v. Wilmington Trust NA - Life Equity Subpoena |
| **Date:** | Friday, August 13, 2021 11:21:46 AM |

Rob:

We need more time to confer and will be seeking the two week adjournment.  Thanks for giving your consent.  I am on trial so the request may not be filed until later in the day.

Best,
Eric

**Eric Biderman**
**Counsel**

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas
Floor 42
New York, NY 10019
212.457.5439  DIRECT
212.484.3990  FAX
eric.biderman@arentfox.com www.arentfox.com


On Aug 13, 2021, at 10:32 AM, Robert Lesko <Robert.Lesko@fisherbroyles.com> wrote:


Jule/Eric –

As per the July 14 Order, attached is a joint letter to Judge Kiel in this matter containing Ameritas' statement of position.  Please add Life Equity's statement and return it to me by 3:00 pm today.  Alternatively, if you need more time to confer with your client, you have my consent to request a two-week adjournment of the deadline from Judge Kiel.

Thanks and regards,

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

**FisherBroyles, LLP**
Direct:  +1.973.917.8686
Cell:     +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

**From:** Robert Lesko
**Sent:** Wednesday, August 11, 2021 7:48 AM
**To:** Rousseau, Jule <Jule.Rousseau@arentfox.com>; Biderman, Eric
<Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com; Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Jule –

What are we doing with this?  Deadline for supplemental submissions is Friday.  Do you
need more time to coordinate with your client, or are we moving ahead with the
submissions?

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

───────────────────────────────

**FisherBroyles, LLP**
Direct:  +1.973.917.8686
Cell:     +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

**From:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Sent:** Thursday, August 5, 2021 10:55 AM
**To:** Robert Lesko <Robert.Lesko@fisherbroyles.com>; Biderman, Eric
<Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com; Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Rob

The key person at Life Equity is out on vacation this week. We will
not get alternative searches till next week.

**Jule Rousseau**
**Partner**

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948  DIRECT | 212.484.3990 FAX
917.533.2034 CELL
jule.rousseau@arentfox.com | www.arentfox.com

**From:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Sent:** Thursday, August 5, 2021 10:44 AM

**To:** Rousseau, Jule <Jule.Rousseau@arentfox.com>; Biderman, Eric
<Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com; Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Jule –

I need to hear back from you on this.  If we cannot come to some mutually acceptable
accommodation, we'll need to present supplemental authority by the end of next
week.

Thanks and regards,
Rob

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

**FisherBroyles, LLP**
Direct:   +1.973.917.8686
Cell:     +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

**From:** Robert Lesko
**Sent:** Tuesday, July 27, 2021 10:29 PM
**To:** Rousseau, Jule <Jule.Rousseau@arentfox.com>; Biderman, Eric
<Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com; Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Jule –

I'd be happy to discuss with you. Perhaps you could shed some insight on which terms
appear to be broad so that we can have a discussion.

Looking forward to hearing from you.

Regards,
Rob

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

**FisherBroyles, LLP**
Office:  445 Park Avenue | New York, NY 10022 | USA
          100 Overlook Center | Princeton, NJ 08540 | USA

Mail:    276 E. Main Street Ste. 10 #421 | Denville NJ 07834 | USA

Direct:  +1.973.917.8686 | Cell: +1.973.714.0340 | robert.lesko@fisherbroyles.com | www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

---

**From:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Sent:** Tuesday, July 27, 2021 10:07 PM
**To:** Robert Lesko <Robert.Lesko@fisherbroyles.com>; Biderman, Eric <Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com; Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Rob

At your request, our client ran searches on the terms you listed in the mailboxes relevant to the request. There were over 35,000 hits so we obviously cannot agree to the proposal. Let me know if you have another proposal.

**Jule Rousseau**
Partner

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948  DIRECT | 212.484.3990 FAX
917.533.2034 CELL
jule.rousseau@arentfox.com | www.arentfox.com

---

**From:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Sent:** Thursday, July 22, 2021 7:47 AM
**To:** Biderman, Eric <Eric.Biderman@arentfox.com>
**Cc:** Rousseau, Jule <Jule.Rousseau@arentfox.com>; Katherine.Skeele@hklaw.com; Rebecca.Canamero@hklaw.com
**Subject:** Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Eric –

Attached is the transcript of the proceeding before Judge Kiel on January 26, 2021.  As

you will see, Judge Kiel directed the parties to meet and confer with respect to a list of key words and phrases to narrow the scope of the discovery request at issue at that time.  As you know, Judge Kiel has directed counsel for Ameritas and Life Equity to do the same with the respect to the subpoena.  I previously provided you with a such list in an email dated March 22, 2021 prior to filing the motion to compel.  Please get back to me with respect to the proposed key words and phrases at your earliest opportunity.

Best regards,

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

---

**FisherBroyles, LLP**

Office:  445 Park Avenue | New York, NY 10022 | USA
100 Overlook Center | Princeton, NJ 08540 | USA

Mail:    276 E. Main Street Ste. 10 #421 | Denville NJ 07834 | USA

Direct: +1.973.917.8686 | Cell: +1.973.714.0340 | robert.lesko@fisherbroyles.com |
www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

<Joint Letter re Life Equity Subpoena.docx>

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

# EXHIBIT B

# EXHIBIT B

| | |
|---|---|
| **From:** | Rousseau, Jule |
| **To:** | Robert Lesko; Biderman, Eric |
| **Subject:** | RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena |
| **Date:** | Tuesday, August 31, 2021 7:37:07 PM |
| **Attachments:** | Reply i-f-s-o Motion to Enforce Life Equity Subpoena (NJ Action) [filed].pdf |

Rob

We have already said that the search terms led to 1000's of hits. We are not prepared to spend more attorney and client time going word by word and setting out number of hits. Our good faith in the process is manifest, and your client is not entitled to run our client, and its attorneys, through more circles and hoops. We are willing to produce the items you specify in the reply brief attached—Liberty Planning and all matters re Sarn on both policies. The rest is nothing but a fishing expedition and we will not consent. The judge has made no ruling on your motion and we do not expect the judge to require any more of us.

**Jule Rousseau**
Partner

**Arent Fox LLP** | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948 DIRECT | 212.484.3990 FAX
917.533.2034 CELL
jule.rousseau@arentfox.com | www.arentfox.com

**From:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Sent:** Tuesday, August 31, 2021 7:10 PM
**To:** Biderman, Eric <Eric.Biderman@arentfox.com>
**Cc:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Eric –

The scope of your proposed production is unreasonably narrow.  It ignores all of the other red flag indicators that we have identified.  Can you please provide some basis for not simply applying the terms that we previously proposed.  Specifically, if you contend that the results are too broad and burdensome, please provide the following information for further evaluation and discussion:

1.  the number of hits for each search term/phrase previously proposed by Ameritas
2.  the total number of discrete documents identified as a result of each search term/phrase
3.  the total number of discrete documents identified based on application of all proposed search

terms/phrases (not the total number of hits, which could include multiple hits in a single document)
4. the estimated cost in man-hours or dollars to produce all documents containing hits based on the list of search terms/phrases we proposed
5. any other factor that you contend may support your contention that the request are unduly burdensome

If your client will provide this information, I believe we will have a basis upon which to have an informed and intelligent discussion about the scope of the burden and potential means by which to sensibly revise the list.  As matters stand, your client is hiding the ball by refusing to share relevant information about the documents in its possession or control and thereby preventing reasonable discussions.  It is our position that such conduct does not amount to meeting and conferring in good faith.

I look forward to your prompt response.

Best regards,
Rob

**Robert P. Lesko,** Partner
**Admitted in New York, New Jersey and Pennsylvania**

_____

**FisherBroyles, LLP**
Direct:  +1.973.917.8686
Cell:     +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.

**From:** Biderman, Eric <Eric.Biderman@arentfox.com>
**Sent:** Tuesday, August 31, 2021 5:54 PM
**To:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Cc:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Rob:

Further to the below e-mail, our proposal to resolve this matter would be to produce all non-privileged documents in our client's possession that come up when searching the term "Liberty Planning" and all non-privileged documents in our client's possession on the other Sarn policy, _i.e.,_ the equivalent for the other Sarn policy of what has been produced by our client in connection with

the Ameritas Sarn policy.  Please let us know your thoughts.  Thank you.

Best,
Eric

**Eric Biderman**
Counsel

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.457.5439  DIRECT | 212.484.3990  FAX
eric.biderman@arentfox.com | www.arentfox.com

---

**From:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Sent:** Friday, August 27, 2021 4:35 PM
**To:** Biderman, Eric <Eric.Biderman@arentfox.com>
**Cc:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Subject:** Re: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Fair enough. Thanks Eric.

On Aug 27, 2021, at 3:31 PM, Biderman, Eric <Eric.Biderman@arentfox.com> wrote:

Rob:

Just to follow up, I will be able to provide the proposal by close of business Tuesday.

Best,
Eric

**Eric Biderman**
**Counsel**

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas
Floor 42
New York, NY 10019
212.457.5439  DIRECT
212.484.3990  FAX
eric.biderman@arentfox.com www.arentfox.com

On Aug 27, 2021, at 3:12 PM, Biderman, Eric
<Eric.Biderman@arentfox.com> wrote:

Rob:

I cannot guarantee that the proposal will be to you by the close of business on Monday but I can guarantee that I will be engaged in the process.  I have been working with my client and will have the proposal to you ASAP.  This proposal, from my prospective, is one that will either resolve this or result in an impasse.  That is why I requested the additional extension — not to kick the can down the road but to see if this will actually resolve things.  If you agree to this additional extension, over the next two weeks we will submit our proposal and (at least from my view) there will be an agreement or there will not.  This will be it in terms of extensions unless both sides need more time to paper resolution.  Let me know if you will consent based on the above.

**Eric Biderman**
**Counsel**

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas
Floor 42
New York, NY 10019
212.457.5439  DIRECT
212.484.3990  FAX
eric.biderman@arentfox.com www.arentfox.com

> On Aug 27, 2021, at 2:56 PM, Robert Lesko <Robert.Lesko@fisherbroyles.com> wrote:
>
>
> Eric —
>
> We have not heard from you at all for a more than a week, and your client's engagement in this issue has been sporadic at best.  As a result, we have already prepared our supplemental submission and are about to file it.
>
> I'll consent to a request for further adjournment if you will commit to providing your proposal no later that close of business on Monday and to remain engaged in this process until the issue is resolved or we reach impasse.  Let me know if we are in agreement.  Otherwise, I think we ought to file our respective submissions today.
>
> **Robert P. Lesko,** Partner
> Admitted in New York, New Jersey and Pennsylvania

---

**FisherBroyles, LLP**
Direct: +1.973.917.8686
Cell:    +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

---

**From:** Biderman, Eric <Eric.Biderman@arentfox.com>
**Sent:** Friday, August 27, 2021 2:27 PM
**To:** Robert Lesko <Robert.Lesko@fisherbroyles.com>;
Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity
Subpoena

Rob:

As you know the two week extension expires today.  We are
working with our client to provide a proposal to you
regarding documents that we hope will resolve this.
However, we need a little more time.  Would you be
opposed to an additional two week extension so we can
provide our proposal and see if it can resolve this?  Thank
you.

Best,
Eric

**Eric Biderman**
Counsel

**Arent Fox LLP** | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.457.5439  DIRECT | 212.484.3990 FAX
eric.biderman@arentfox.com | www.arentfox.com

---

**From:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Sent:** Wednesday, August 18, 2021 11:03 AM
**To:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Cc:** Biderman, Eric <Eric.Biderman@arentfox.com>
**Subject:** Re: Ameritas v. Wilmington Trust NA - Life Equity
Subpoena

Jule -

That does not sound right to me. I'll need your client to
verify the numbers.  Please provide the numbers returned

for each search term you contend is overly broad. Alternatively, simply produce the documents all and we'll take care of the search. Your prior production was unreasonably limited. There are obviously relevant and responsive documents still unproduced. I believe Judge Kiel expects us to work together to get to them.

Let's not waste time rehashing arguments. We need to move on this now.

Thanks and regards,
Rob

> On Aug 18, 2021, at 10:23 AM, Rousseau, Jule <[Jule.Rousseau@arentfox.com](mailto:Jule.Rousseau@arentfox.com)> wrote:

Rob

These changes will not be useful. Client ran searches without any of the highlighted words and the results remain far too voluminous. So limiting the words will create even more.

You have the entire policy file and all due diligence documents for the portfolio. There really is nothing more to produce. As recent exchanges have confirmed, our client has not withheld any documents in those categories.

**Jule Rousseau**
**Partner**

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948   DIRECT | 212.484.3990 FAX

917.533.2034 CELL
jule.rousseau@arentfox.com | www.arentfox.com

**From:** Robert Lesko
<Robert.Lesko@fisherbroyles.com>
**Sent:** Wednesday, August 18, 2021 10:18 AM
**To:** Rousseau, Jule
<Jule.Rousseau@arentfox.com>
**Cc:** Biderman, Eric
<Eric.Biderman@arentfox.com>
**Subject:** RE: Ameritas v. Wilmington Trust NA -
Life Equity Subpoena

Jule –

Thank you for the feedback on the search
terms. Please revise the list as follows:

      Acorn
      ~~Advanced~~
      Aggregate w/2 "death benefit" or
      amount
      Brooklyn Life Group
      Cambridge
      Fekete
      Friedman
      Grodsky
      Gross w/1 Shaye
      Gutwein
      Hercsky
      ~~History (as in insured's history of~~
      ~~insurance)~~
      Insurable interest
      Krauss
      Lebovitz
      Liberty Planning
      Magna
      Miller
      Montage
      Moussa
      Neuman
      Prosperity
      Sarn
      Schlesinger
      Schreiber

Schwartz

<mark>speculate, speculative, speculator</mark>

SPIN

Steiner

STOLI

<mark>Stranger</mark>

We cannot agree to modify "speculate, speculative, speculator" or "stranger" since it seems these terms are very likely to return relevant records.  If you can provide additional information regarding the hits for those terms, we would be happy to reconsider or position.

Best regards,

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

**FisherBroyles, LLP**
Direct:  +1.973.917.8686
Cell:     +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

**From:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Sent:** Tuesday, August 17, 2021 9:31 AM
**To:** Robert Lesko <Robert.Lesko@fisherbroyles.com>; Biderman, Eric <Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com; Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Rob

As I had told you, the proposed searches yielded many 1000s of hit and were unworkable. We identified the highlighted words as potentially problematic. However even after eliminating these words from the

search, the results were too
voluminous. Since the proposed
searches are overbroad, we will
stand on our position that Life Equity
has satisfied the subpoena.

Acorn
==Advanced==
==Aggregate==
Brooklyn Life Group
Cambridge
Fekete
Friedman
Grodsky
==Gross==
Gutwein
Hercsky
==History== (as in insured's history of
insurance)
Insurable interest
Krauss
Lebovitz
==Liberty==
Magna
Miller
Montage
Moussa
Neuman
Prosperity
Sarn
Schlesinger
Schreiber
Schwartz
==speculate, speculative, speculator==
SPIN
Steiner
STOLI
==Stranger==

**Jule Rousseau**
Partner

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948  DIRECT | 212.484.3990  FAX
917.533.2034  CELL
jule.rousseau@arentfox.com | www.arentfox.com

---

**From:** Robert Lesko
<Robert.Lesko@fisherbroyles.com>
**Sent:** Tuesday, July 27, 2021 10:29 PM
**To:** Rousseau, Jule
<Jule.Rousseau@arentfox.com>; Biderman,
Eric <Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com;
Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA -
Life Equity Subpoena

Jule —

I'd be happy to discuss with you. Perhaps you
could shed some insight on which terms appear
to be broad so that we can have a discussion.

Looking forward to hearing from you.

Regards,
Rob

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

---

**FisherBroyles, LLP**

Office:  445 Park Avenue | New York, NY 10022 |
USA
           100 Overlook Center | Princeton, NJ
08540 | USA

Mail:    276 E. Main Street Ste. 10 #421 | Denville
NJ 07834 | USA

Direct:  +1.973.917.8686 | Cell: +1.973.714.0340 |
robert.lesko@fisherbroyles.com |
www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE |
CHICAGO | CINCINNATI | CLEVELAND |

COLUMBUS | DALLAS | DENVER | DETROIT |
HOUSTON | LONDON | LOS ANGELES | MIAMI |
NAPLES | NEW YORK | PALO ALTO |
PHILADELPHIA | PRINCETON | SALT LAKE
CITY | SEATTLE | WASHINGTON, DC

---

**From:** Rousseau, Jule
<Jule.Rousseau@arentfox.com>
**Sent:** Tuesday, July 27, 2021 10:07 PM
**To:** Robert Lesko
<Robert.Lesko@fisherbroyles.com>; Biderman,
Eric <Eric.Biderman@arentfox.com>
**Cc:** Katherine.Skeele@hklaw.com;
Rebecca.Canamero@hklaw.com
**Subject:** RE: Ameritas v. Wilmington Trust NA -
Life Equity Subpoena

Rob

At your request, our client ran
searches on the terms you listed in
the mailboxes relevant to the
request. There were over 35,000 hits
so we obviously cannot agree to the
proposal. Let me know if you have
another proposal.

**Jule Rousseau**
Partner

Arent Fox LLP | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948 DIRECT | 212.484.3990 FAX
917.533.2034 CELL
jule.rousseau@arentfox.com | www.arentfox.com

---

**From:** Robert Lesko
<Robert.Lesko@fisherbroyles.com>
**Sent:** Thursday, July 22, 2021 7:47 AM
**To:** Biderman, Eric
<Eric.Biderman@arentfox.com>

**Cc:** Rousseau, Jule
<Jule.Rousseau@arentfox.com>;
Katherine.Skeele@hklaw.com;
Rebecca.Canamero@hklaw.com
**Subject:** Ameritas v. Wilmington Trust NA - Life
Equity Subpoena

Eric –

Attached is the transcript of the proceeding
before Judge Kiel on January 26, 2021.  As you
will see, Judge Kiel directed the parties to meet
and confer with respect to a list of key words
and phrases to narrow the scope of the
discovery request at issue at that time.  As you
know, Judge Kiel has directed counsel for
Ameritas and Life Equity to do the same with
the respect to the subpoena.  I previously
provided you with a such a list in an email
dated March 22, 2021 prior to filing the motion
to compel.  Please get back to me with respect
to the proposed key words and phrases at your
earliest opportunity.

Best regards,

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

---

**FisherBroyles, LLP**

Office:  445 Park Avenue | New York, NY 10022 |
USA
        100 Overlook Center | Princeton, NJ
08540 | USA

Mail:    276 E. Main Street Ste. 10 #421 | Denville
NJ 07834 | USA

Direct:  +1.973.917.8686 | Cell: +1.973.714.0340 |
robert.lesko@fisherbroyles.com |
www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE |
CHICAGO | CINCINNATI | CLEVELAND |
COLUMBUS | DALLAS | DENVER | DETROIT |
HOUSTON | LONDON | LOS ANGELES | MIAMI |
NAPLES | NEW YORK | PALO ALTO |
PHILADELPHIA | PRINCETON | SALT LAKE
CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or

work product privilege by the transmission of this message.

# EXHIBIT C

# EXHIBIT C

| | |
|---|---|
| **From:** | Rousseau, Jule |
| **To:** | Robert Lesko; Biderman, Eric |
| **Subject:** | RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena |
| **Date:** | Wednesday, September 8, 2021 5:56:28 PM |

Rob

Our proposal is imminently reasonable. We opposed the motion to compel on the basis that we fully complied to all reasonable requests for documents. As a result of our discussions we have agreed to produce documents that we originally refused to produce. That is a compromise. If you will not accept our compromise, you are free to ask the court to issue a ruling on the motion.

**Jule Rousseau**
Partner

**Arent Fox LLP** | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948 DIRECT | 212.484.3990 FAX
917.533.2034 CELL
jule.rousseau@arentfox.com | www.arentfox.com

**From:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Sent:** Wednesday, September 8, 2021 7:19 AM
**To:** Rousseau, Jule <Jule.Rousseau@arentfox.com>; Biderman, Eric <Eric.Biderman@arentfox.com>
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Jule –

You have made a take-it-or-leave-it proposal, which is patently unacceptable.  That is not consistent with your obligation to meet and confer in good faith.  In fact, the unreasonableness of your approach makes it clear that your client is trying to hide relevant documents.  Provide the information that we asked for or make another proposal.  Otherwise, we'll have no choice but to ask Judge Kiel to simply compel search and production based on the list of terms and phrases as constituted.

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

**FisherBroyles, LLP**
Direct:  +1.973.917.8686
Cell:     +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.

---

**From:** Rousseau, Jule <Jule.Rousseau@arentfox.com>
**Sent:** Wednesday, September 1, 2021 4:00 PM
**To:** Robert Lesko <Robert.Lesko@fisherbroyles.com>; Biderman, Eric <Eric.Biderman@arentfox.com>
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Rob

I am not responding in haste but rather honesty. Since we opposed the initial motion in Ohio, we have stated that LEQ fully complied with the reasonable requests and was not prepared to conduct endless searches to assist your client, which either had a factual basis for its suit or did not. You have the entire diligence file on Sarn and the diligence instructions under which LEQ operated. You have all material on the policy at issue; and we have offered to provide the file on a separate Sarn policy that, in our view, is otherwise not reasonably related to the case, the production of which will take time on the client's part.

In an effort to avoid the court issuing a decision, we agreed to try to accommodate your request that we run searches and if reasonable, produce the documents identified. You gave us 31 words, including "advanced" "aggregate" and "history," which not surprisingly were far too broad, and we told you that they resulted in 1000's of hits. We do not agree to review and produce documents identified by that search. We also do not think it is incumbent on us to work with you to go term by term and run new searches on each of the 31 words so you can then pick words for us to review. Your reply brief spelled out what you need and why, and the material we have offered reasonably meets what you wrote there. We hope you will agree to our proposal.

**Jule Rousseau**
Partner

**Arent Fox LLP** | Attorneys at Law
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212.484.3948   DIRECT | 212.484.3990 FAX
917.533.2034 CELL
jule.rousseau@arentfox.com | www.arentfox.com

---

**From:** Robert Lesko <Robert.Lesko@fisherbroyles.com>
**Sent:** Wednesday, September 1, 2021 3:23 PM
**To:** Rousseau, Jule <Jule.Rousseau@arentfox.com>; Biderman, Eric <Eric.Biderman@arentfox.com>
**Subject:** RE: Ameritas v. Wilmington Trust NA - Life Equity Subpoena

Jule –

ALIC very much wants to engage your client in reasonable, meaningful negotiation in hopes of arriving at a mutually acceptable search parameter.  With respect, I don't think your email adds any value whatsoever to the process.  It is argumentative, conclusory and self-serving.  And it was obviously sent in haste, considering the timing.

We need to know more information about just how many documents contain "hits" and which terms are "hitting" so that we can intelligently consider your position and attempt to achieve a reasonable compromise.  Merely telling me "that the search terms led to 1000's of hits" is utterly useless information without the detail that I have requested, and I think you are perfectly aware of that.

I humbly ask that you take the time to consider and discuss my request for information with your client and come back to the table to negotiate in good faith.  If your client is not willing to provide additional, meaningful information by the end of day on Friday, we'll assume that it is not willing to engage in good faith discussions and we'll simply focus on preparing our submission.

Thanks and best regards,

**Robert P. Lesko,** Partner
Admitted in New York, New Jersey and Pennsylvania

_____

**FisherBroyles, LLP**
Direct:  +1.973.917.8686
Cell:     +1.973.714.0340
robert.lesko@fisherbroyles.com
www.fisherbroyles.com

We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.