# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington, DC

September 10, 2021

**VIA ECF**

Honorable Edward S. Kiel
United States Magistrate Judge for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Eric Biderman**
Counsel
212.457.5439 DIRECT
212.484.3990 FAX
eric.biderman@arentfox.com

Re: *Ameritas Life Ins. Corp. v. Wilmington Trust, N.A.,* USDCNJ no. 2:19-cv-18713

Dear Judge Kiel:

As you are aware, we represent non-party Life Equity, LLC ("Life Equity"). On behalf of Life Equity, per Your Honor's request, we write to provide an update from Life Equity as to the status of its discussions with plaintiff Ameritas Life Insurance Corp. ("Ameritas") regarding a resolution of the dispute related to the subpoena issued by Ameritas to Life Equity in the above matter, as well as in response to the letter from counsel for Ameritas provided earlier today (D.E. 79).

At the outset, we reiterate, once again, that Life Equity has already produced documents in all three of the categories of documents outlined in Ameritas' submission from earlier today. Life Equity has produced documents in those three categories related to the life insurance policy at issue that was issued on the life of Bernard Sarn (the "Sarn Policy"). Furthermore, as set forth more fully below, although Life Equity believes it has no further obligation to produce any additional documents in response to the subpoena issued to it by Ameritas (the "Ameritas Subpoena"), to resolve this matter amicably it is willing to produce documents in those three categories related to: (1) Liberty Planning, the agent on the Sarn Policy; and (2) another policy issued on the life of Sarn (the "Other Sarn Policy") for which Life Equity has documents. Although these are the precise documents that Ameritas indicated that it wanted in its Reply Memorandum In Further Support Of Motion To Enforce Subpoena Directed To Life Equity, LLC (D.E. 58) ("Reply"), it is now seeking to move the proverbial goalposts and demand more documents from Life Equity that are not relevant.

**Life Equity's Good Faith Efforts to Resolve This Matter**

In accordance with the Court's directions, Life Equity conducted a search using the search terms that were used in connection with a similar dispute between Ameritas and the defendant in this matter. As communicated to counsel for Ameritas on July 17, 2021, a search of documents in Life

**Arent Fox**

Honorable Edward S. Kiel
September 10, 2021
Page 2

Equity's records containing any of those terms yielded approximately 35,000 documents. Reviewing such a large number documents would place an undue burden on Life Equity, as Life Equity would need to devote significant time and financial resources to conduct such review far beyond what is required for the recipient of a non-party subpoena like Life Equity. Per the request of counsel for Ameritas, we then removed the terms that produced the most results, specifically, the terms "Advanced", "Aggregate", "Gross", "History", "Liberty", "speculate", "speculator", "speculative", and "Stranger", (collectively, the "Highlighted Terms.") However, that modified search still yielded an unworkable number of approximately 17,000 documents, which would still impose an undue burden on Life Equity. We communicated to counsel for Ameritas that this modified search without the Highlighted Terms still yielded an unworkable number of documents on August 17, 2021. On August 18, 2021, counsel for Ameritas did not agree to remove all of the Highlighted Terms, without which there was still an unworkable number of documents. Rather, counsel for Ameritas agreed only to remove the terms "History" and "Advanced" and then demanded that Life Equity run new searches with variations on the Highlighted Terms, and of course the other terms on the list that separately yielded approximately 17,000 documents.

At that point, it became clear to us that seeking to agree on search terms in a piecemeal fashion would not be productive since doing so had left the parties no closer to an agreement than they had been previously. Thus, Life Equity sought to craft an alternative proposal aimed at getting the precise documents that Ameritas indicated it wanted. In its Reply Ameritas indicated that the two main categories of documents it wants are documents in Life Equity's possession related to the Other Sarn Policy (which is not at issue in this matter) and documents related to Liberty Planning. As such, on August 31, 2021, the undersigned counsel proposed to counsel for Ameritas that Life Equity produce all of the documents in its file for the other Sarn policy and all documents related to Liberty Planning – the broker for the Sarn Policy. This proposal was soundly rejected by counsel for Ameritas. Today's submission from counsel for Ameritas does not disclose the entire August 31 proposal from the undersigned counsel, and wrongly states that the undersigned counsel only offered to produce documents containing the term "Liberty Planning."

We are at a loss of why this latest proposal was unacceptable to Ameritas. Life Equity's file on the Other Sarn Policy and Life Equity's documents mentioning Liberty Planning fall within the three categories of documents outlined in today's submission from Ameritas. In fact, Life Equity has already produced documents within those three categories with respect to the Sarn Policy. Ameritas now wants <u>additional</u> documents in those three categories even though Life Equity has produced to Ameritas the overall instructions for due diligence and due diligence notes on the Sarn Policy. The terms that Ameritas has demanded that Life Equity use to search its documents not only create an undue burden, as outlined above, but go far beyond the due diligence that was done as to Sarn.

**Arent Fox**

Honorable Edward S. Kiel
September 10, 2021
Page 3

In addition, we reject any suggestion that Life Equity failed to confer in good faith. As noted, Life Equity conducted searches of the search terms suggested by the Court and then identified Ameritas the ones that yielded the most documents. Ameritas only agreed to remove two of those terms from its list and at no point offered or agreed to shorten the list of search terms in any meaningful manner. Then, when Life Equity came up with its alternative proposal, Ameritas rejected it without any counterproposal. Based on this, as well as the fact that today's submission from counsel for Ameritas misrepresents the nature of the undersigned's August 31 proposal, it is clear that not only did Life Equity act in good faith, but Ameritas is the party that failed to act in good faith.

While we do not believe that Life Equity has any further obligations with respect to Ameritas' subpoena, in order to resolve this matter, Life Equity stands willing to produce its file on the other Sarn policy and all documents in its possession that mention Liberty Planning. As such, to the extent issues an order requiring Life Equity to produce additional documents in response to Ameritas' subpoena, we request that such order be limited to: (1) all documents in Life Equity's possession related to the other Sarn policy; and (2) all documents in Life Equity's possession that mention the term "Liberty Planning."

We look forward to addressing these issues with Your Honor at the September 14, 2021 hearing in this action, which we understand will address the issues related to Ameritas' subpoena to Life Equity. To the extent this is not the case, we request a separate hearing on the issues related to the Ameritas subpoena.

Sincerely,

 /s/Eric Biderman
Eric Biderman

*Attorney for Life Equity, LLC*