UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERITAS LIFE INSURANCE CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**WILMINGTON TRUST, N.A.,**<br><br>Defendant. | Case No. 19–cv–18713–KM–ESK<br><br><br>**ORDER** |

  **THIS MATTER** having come before the Court on the discovery disputes raised in the parties' joint letter of July 1, 2021 (ECF No. 63) relating to defendant's demand for the production of plaintiff's investigation files (Pending Dispute); and the parties having argued their positions on the record during a hearing on July 9, 2021; and pursuant to the Court's July 14, 2021 Order (ECF No. 64), the parties having filed supplemental letters further addressing the Pending Dispute (ECF Nos. 72, 73, 76, 81, 82); and the Court finding:

  1. Since the commencement of this lawsuit on October 4, 2019 (ECF No. 1), the Court has held multiple conferences to address the parties' numerous discovery disputes and has extended the period for discovery on several occasions. (*See* ECF Nos. 37, 41, 43, 44, 53, 60, 64, 91.)

  2. The Pending Dispute may require the *in camera* review of numerous documents.

  3. The parties consented to the appointment of a special master to resolve the Pending Dispute and further anticipated discovery disputes efficiently and promptly.

  4. Pursuant to Federal Rule of Civil Procedure (Rule) 53(a)(1)(C), the Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

  5. "Although it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues ... utilization of a master is appropriate

to perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing." *Luppino v. Mercedes Benz USA, LLC*, No. 09-5582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (internal quotation marks and citations omitted).

6. Considering the procedural history of this matter, the complexity of the Pending Dispute, and the likelihood that new discovery disputes will arise with regularity for the duration of the discovery period, it is both necessary and appropriate to appoint a special master in this case.

Accordingly,

**IT IS** on this   **27th** day of **December 2021**   **ORDERED** that:

1. Mark Falk, U.S.M.J. (ret.) is appointed as special master pursuant to Rule 53(a)(1)(C).

2. The special master shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the special master may establish and modify as necessary. Any appeal of an action or a decision made by the special master shall be filed with the Court and resolved by the Magistrate Judge.

3. The special master shall address all issues in the Pending Dispute. The special master shall also address new discovery issues. On or before **January 15, 2022**, the parties shall provide the special master with a joint letter that provides a list of open disputes, with citations to the relevant docket entries embodying those disputes. The parties shall also file the joint letter on the docket.

4. The parties shall equally bear the costs relative to the special master's resolution of any dispute. However, for good cause shown, the special master may determine each parties' costs, which shall be proportional, in the special master's good faith estimation, to the services rendered with respect to each party or reasonable based on other factors the special master deems appropriate.

5. To fulfill his responsibility efficiently and cost-effectively, the special master may employ assistant lawyers at the special master's law firm, selected

by the special master, under his supervision and control, and utilized at the special master's sole discretion.

6.   The special master shall submit invoices for his services, assistant lawyers' services, and out-of-pocket expenses monthly.

7.   The special master and his assistant lawyers shall not be subject to subpoena by any party, relating to their services for this case.

 _/s/ Edward S. Kiel_  
**EDWARD S. KIEL**  
**UNITED STATES MAGISTRATE JUDGE**