# FisherBroyles

**Robert P. Lesko**
Partner
robert.lesko@fisherbroyles.com
973-714-0340
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
www.FisherBroyles.com

January 14, 2022

**VIA ECF**

Honorable Mark Falk, U.S.M.J. (ret.)
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

Re: Ameritas Life Ins. Corp. v. Wilmington Trust, N.A., USDCNJ no. 2:19-cv-18713

Dear Judge Falk:

Please accept this joint letter on behalf of Ameritas Life Insurance Corp and Wilmington Trust, N.A. pursuant to Magistrate Judge Kiel's Order dated December 27, 2021 (DE94) appointing you as Special Discovery Master and directing the parties to provide a list of open discovery issues.  On behalf of counsel for each party, we are grateful that your Honor has agreed to serve as Special Discovery Master and look forward to working with your Honor in that capacity.

## Statement of Ameritas Life Ins. Corp.

There are two pending discovery disputes among the parties: Wilmington Trust's objections to Ameritas' assertion of privilege and Wilmington Trust's objections as to the scope of Ameritas' document search and production.  Following is a list of docket entries embodying each dispute:

Privilege Dispute

- Joint Submission, July 1, 2021 (DE63)
- Ameritas Supplemental Submission, August 13, 2021 (DE72)
- Wilmington Supplemental Submission, August 12, 2021 (DE73)

Search Scope Dispute

- Wilmington Submission, September 1, 2021 (DE76)
- Ameritas Submission, September 11, 2021 (DE81)
- Wilmington Submission, September 17, 2021 (DE82)

In addition, Ameritas will seek your Honor's assistance to enforce Judge Kiel's order dated December 1, 2021 (DE91) directing non-party Life Equity, LLC to conduct a search for and produce responsive documents pursuant to subpoena served by Ameritas.  The order requires counsel for Life Equity to meet and confer with counsel for Ameritas regarding a schedule for the production of the documents.  Life

Mark Falk, USMJ (ret.)

January 14, 2022   |   Page 2 of 3

Equity has neither produced the documents required by the order nor met and conferred with respect to scheduling of the production.

Insofar as Judge Kiel's December 27 Order directs only that this letter is to identify for your Honor pending discovery disputes and corresponding submissions, your Honor can stop reading here. Counsel for Wilmington Trust, however, has insisted upon rehashing their arguments contained in those submissions. Ameritas, therefore, offers this brief retort and begs your Honor's indulgence.

Ameritas commenced this matter based on a substantial amount of evidence demonstrating that the policy at issue is an illegal wagering contract on human life procured or caused to be procured by and for individuals with no insurable interest in the life of the insured. That is, it is a illegal STOLI policy as described by the New Jersey Supreme Court in *Sun Life Ass. Co. v. Wells Fargo Bank, N.A.*, 238 N.J. 157 (2019). That evidence has grown steadily throughout the course of this matter to proportions that are now approaching insurmountable. In an all-out effort to distract the court from this mounting evidence, Wilmington Trust has poured all of its resources[1] into mischaracterizing Ameritas' prompt production of documents (which occurred even before initial disclosures were due or document demands propounded) In their desperation, Wilmington Trust and its counsel have even gone so far as misconstruing and misrepresenting statements of Ameritas' counsel concerning that document production. While leveling these unprofessional, ad hominem attacks and demanding sanctions for imaginary misconduct, Wilmington Trust and its counsel have utterly failed to exhibit even a modicum of good faith to resolve their purported concerns through negotiation as to reasonable search parameters for the e-discovery they demand from Ameritas; this despite numerous invitations from Ameritas and its counsel to engage in such discussions. If Wilmington Trust is simply ordered to stop their incessant finger-pointing and negotiate in good faith as to scope of its demanded e-discovery per the rules, at least one of the pending disputes will be rendered moot.

**Statement of Wilmington Trust, N.A. ("Securities Intermediary")**

As is clear from Securities Intermediary's filings, listed immediately below, the disputes at issue are serious, go to the core of the litigation and relate to Ameritas' intentional violation of its discovery obligations under the Federal Rules of Civil Procedure and court orders entered and ignored by Ameritas:

- Joint Submission, July 1, 2021 (DE63)
- Securities Intermediary Supplemental Submission, August 12, 2021 (DE73)
- Securities Intermediary Submission, September 1, 2021 (DE76)
- Securities Intermediary Submission, September 17, 2021 (DE82)

Ameritas' attempt to downplay the issues before Your Honor as "Privilege Dispute" and "Search Scope Dispute" is disingenuous and misleading. The dispute began when Securities Intermediary recognized that Ameritas was relying in Court filings on information responsive to Securities Intermediary's discovery requests, but which had never been produced or identified in litigation by Ameritas. Ameritas tried to justify its non-compliance by taking the position that it withheld its entire claims investigation file and related documents on the basis of "privilege"; however, none of these documents were listed, identified or included in Ameritas' privilege log at the time. Ameritas then took the position that certain documents were "irrelevant" and, therefore, not subject to discovery even if responsive to Securities Intermediary's discovery requests. Leaving aside that Ameritas does not get to choose if it will withhold (and hide)

---

[1] Wilmington Trust has not issued a single subpoena or taken a single deposition.

Mark Falk, USMJ (ret.)

January 14, 2022   |   Page 3 of 3

responsive documents from discovery, the documents which Ameritas refers to as "irrelevant" are highly relevant and, in fact, critical to the issues of the case—including, but not limited to, Securities Intermediary's bad faith claims against Ameritas. In any event, as your Honor will realize from the record, Ameritas failed to produce a single document in response to Securities Intermediary's request for production of documents (including the highly responsive documents that were later uncovered), in violation of various Court orders and the Federal Rules of Civil Procedure.

Due to the gravity of Ameritas' misconduct, Securities Intermediary requests sanctions against Ameritas and its counsel, and for your Honor to take control of Ameritas' production out of Ameritas' hands, by appointment of a third party to collect, search and produce Ameritas' documents.

Further, Securities Intermediary has no objection to Ameritas' seeking Your Honor's assistance in resolving its third-party dispute with Life Equity, but it does object to sharing in the cost of consideration and resolution of that dispute, to which Securities Intermediary is not a party.[2]

\* \* \*

We appreciate your Honor's time and attention to these matters.

Respectfully submitted,

| | |
|---|---|
| FisherBroyles, LLP | Holland & Knight, LLP |
| Attorneys for plaintiff, Ameritas Life Insurance Corp. | Attorneys for defendant, Wilmington Trust, N.A. |
| /s Robert Lesko | /s Jesus Cuza |
| Robert P. Lesko, Partner | Jesus E. Cuza |
| | Rebecca Canamero |
| | Katherine Skeele |

---

[2] Although Ameritas' statements about the merits of its claims are contradicted by the evidence and the applicable law, Securities Intermediary will not address Ameritas' arguments at this time because they are irrelevant to the issues at hand. To be sure, Securities Intermediary's position about the meritless and frivolous positions taken by Ameritas will be supported by the motion for summary judgment Securities Intermediary will be filing in this case.