UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON TRUST, N.A, *as Securities Intermediary*, <br><br> Defendants. | Civil Action No. 2:19-cv-18713 (MEF) (SDA) <br><br> **OPINION** <br><br> **January 27, 2025** |

Presently before the Court is a motion filed by Plaintiff Ameritas Life Insurance Corp. ("Plaintiff"), by and through its counsel, Pierson Ferdinand, LLP, for Issuance of Letter of Request Pursuant to Hague Evidence Conventions (the "Request"). (ECF No. 198). Plaintiff filed its Request pursuant to Federal Rules of Civil Procedure 28(b)(2) and the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), Oct. 7, 1972, 23 U.S.T. 2555 (1970), 847 U.N.T.S. 231, *reproduced in* 28 U.S.C. §§1781 *et seq.* Defendant Wilmington Trust, N.A., as Securities Intermediary ("Defendant") does not oppose the Request. (ECF No. 199). However, it nevertheless filed a response "to correct certain mischaracterizations contained in the Request." (*Id.*).

In particular, Defendant disagrees with Plaintiff's characterization of the discovery produced in the action to date. (*Id.*). Plaintiff's Request seeks international judicial assistance to request documents in the possession of Leadenhall Capital Partners ("Leadenhall") and two former employees of Leadenhall, Dan Knipe and Simon Mason, all of whom are located in London, England. (ECF No. 198-3 at 1). The Request represents that the documents and testimony sought

from Leadenhall, Knipe, and Mason "cannot be secured except by the intervention of the United Kingdom Court." (*Id.* at 2). Defendant contends that the characterization imparts the impression that documents in Leadenhall's possession have not been produced in discovery to date and raises issue with the Request's failure to disclose that Geronta Funding Trust ("Geronta"), the entity for which Securities Intermediary holds the policy at issue and which statutory trust is managed by Leadenhall, already produced the precise documents being sought in the Request. (ECF No. 199 at 2).

While Defendant's position is noted by the Court, it not a basis for denying the Request. First, the information sought is clearly within the scope of permissible discovery and relevant to the case. Second, despite what Defendant alleges, Plaintiff has not been able to obtain this information from another source. (ECF No. 200). Defendant claims that it already produced the documents but simultaneously denies its control of the documents. Indeed, in Defendant's letter to Special Master Mark Falk on April 22, 2024, it claimed that it cannot search or produce the documents "in the possession, custody, and control of third parties [Geronta] and/or [Leadenhall]" (*Id.*, Exh. A). Defendant steadfastly maintained that it had no control of documents in the possession of Leadenhall or Gironta. (*Id.*). Defendant suggested that Plaintiff should seek the documents directly from Leadenhall or Gironta. (*Id.*).

Further, while Defendant ultimately provided some documentation from Geronta in October 2024, Plaintiff contends the production was deficient for multiple reasons. (*Id.*, Exh. B). Plaintiff also points out that Defendant repeatedly failed to provide the certification or declaration regarding the search scope and reasonableness of the search conducted. (ECF No. 200-2). Plaintiff should not be required to rely on Defendant's word (particularly in such a contentious case) that it did a fulsome search on behalf of itself, Leadenhall and Geronta and produced all relevant

documents. Plaintiff has the right to obtain documents and information directly from the source, particularly when Defendant has repeatedly maintained it does not control Leadenhall or Geronta. Finally, Leadenhall may have documents in its possession that Geronta does not.

Accordingly, IT IS HEREBY **ORDERED**

That Plaintiff's Request (ECF No. 198) to approve requests for international judicial assistance, pursuant to the Hague Evidence Convention of 18 March 1970 on the taking of evidence in civil or commercial matters, to take evidence from Leadenhall, Knipe, and Mason is GRANTED. The language in the Request has been slightly modified by the Court to remove certain language that is either (i) unnecessary to the Request; or (ii) improperly characterizes an allegation as fact. The clerk is directed to close the motion at ECF No. 198.

**SO ORDERED.**

**Dated: January 27, 2025**

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge